UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JONATHAN N. LANE,

    Plaintiff,

    v.                                                      CAUSE NO. 3:25-CV-1026-PPS-AZ

SCOTT STRAUB, KIMBERLY
MARTINEZ, ETHAN GONZALES,

    Defendants.

## OPINION AND ORDER

Jonathan N. Lane, a prisoner without a lawyer, filed a complaint alleging he was wrongly arrested and charged with several crimes in Fort Wayne, Indiana. [DE 1]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lane alleges Detective Scott Straub arrested him based on a probable cause affidavit he filed which had "no evidence that I committed offense." [DE 1 at 2]. The probable cause affidavit filed in *State v. Lane*, 02D05-2512-F5-453 (Allen Superior Court filed December 1, 2025), says the arrest was based on damage to a church and video of

Lane climbing a fence and attempting to break into the church.[1] "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Lane does not discuss or explain why the witness statement about damage to the church combined with video of him climbing a fence and attempting to break into the church were not reasonably trustworthy information for Detective Straub to prepare the probable cause affidavit and arrest him.

Lane also alleges Detective Straub violated Double Jeopardy by charging him with multiple crimes for one criminal act. The Double Jeopardy clause prohibits retrials following acquittals. *Richardson v. United States*, 468 U.S. 317, 323-24 (1984). It has no applicability to how many charges are filed during the first trial.

Lane sues Kimberly Martinez and Officer Ethan Gonzales, but he makes no mention of them in the Claims and Facts section. This complaint does not state a claim against them or Detective Straub. If Lane believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."

---

[1] I am taking judicial notice of the electronic docket of the State court, available at https://public.courts.in.gov/mycase/. *See* Fed. R. Evid. 201 and *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). In the spirit of N.D. Ind. L.R. 7-1(f), a copy of the Probable Cause Affidavit is attached. Though Indiana attorneys can access it at mycase.IN.gov, it is not publicly available online.

*Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Jonathan N. Lane until **January 30, 2026**, to file an amended complaint; and

(2) **CAUTIONS** Jonathan N. Lane if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED: December 15, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT